# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAULA K. LUA,

           Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

           Agency.

DOCKET NUMBER
SF-0842-14-0650-I-1

DATE: September 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Paula K. Lua</u>, Los Angeles, California, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant received a March 30, 2014 notice from the Office of Personnel Management (OPM) of an adjustment in her Federal Employees' Retirement System (FERS) disability annuity, pursuant to the legal requirement to adjust the annuity when a FERS disability retiree reaches the age of 62. Initial Appeal File (IAF), Tab 1 at 8. The appellant submitted a "request for correction" to OPM concerning the recalculation of benefits and a potentially related Social Security overpayment issue. *Id*. at 7. Subsequently, she filed the initial appeal alleging that OPM had violated her due process rights in recomputing her annuity benefits and indicating that she had not received a final or reconsideration decision from OPM. *Id*. at 3-4. In a subsequent pleading, the appellant alleged that OPM did not address her challenge regarding the monthly annuity payment adjustment and stated that she had received a letter from OPM informing her that the "request for more information was sent to the Reconsideration and Appeals Unit." IAF, Tab 3. The appellant included a copy of OPM's letter dated June 24, 2014. *Id*. at 4.

¶3        The administrative judge issued an order to show cause why the Board had jurisdiction over the appeal, informing the appellant that the Board's jurisdiction over FERS retirement matters does not vest until OPM has issued a final decision. IAF, Tab 2 at 2.  OPM filed a motion to dismiss the appeal as it had not issued a final decision on the overpayment of annuity matter, noting that the appellant's file had been in OPM's Reconsideration Branch to render a final decision, and that once the instant appeal was resolved, OPM would return the case to the Reconsideration Branch to address the appellant's reconsideration request and other concerns.  IAF, Tab 5 at 4.  The administrative judge dismissed the appeal for lack of jurisdiction because OPM had not yet issued a final decision.  IAF, Tab 6, Initial Decision (ID).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        Generally, the Board has jurisdiction over retirement issues only after OPM issues a final or reconsideration decision.  *Johnson v. Office of Personnel Management*, 113 M.S.P.R. 118, ¶ 10 (2010).  However, the Board may take jurisdiction over a retirement appeal in the absence of an OPM reconsideration decision where the appellant has made repeated requests for such a decision, and the evidence indicates that OPM does not intend to issue a reconsideration decision.  *Id.*

¶5        On review, the appellant argues that OPM has not responded to her challenge of the annuity adjustment or request for documentation.  The petition for review, however, misconstrues the final decision requirement for Board jurisdiction over a retirement appeal by alleging that OPM's commencement of a reduction in annuity benefits constituted a final agency decision.  Petition for Review (PFR) File, Tab 1 at 6; *see id.*, Tab 3 at 1.

¶6        We conclude that the appellant has not shown error in the administrative judge's finding that the Board lacks jurisdiction over the present appeal.  While there may be some confusion regarding the potentially related Social Security

overpayment, the appellant has not shown that OPM has issued a final decision on her annuity recalculation challenge, or has indicated that it does not intend to do so.  In contrast to *Johnson*, the record here reflects that OPM has notified the appellant that it intends to issue a reconsideration decision.  IAF, Tab 3 at 1, Tab 5 at 4.  Moreover, the appellant's own pleadings indicate that OPM has notified her that her request was in the Reconsideration Branch for development.  IAF, Tab 3 at 1.  The appellant received the initial notice of the recalculation from OPM in March 2014 and filed her appeal with the Board in June 2014, and thus there is no indication of excessive delay by OPM.  *See Easter v. Office of Personnel Management*, 102 M.S.P.R. 568, ¶ 8 (2006) (finding that an 18-month delay by OPM in addressing appellant's application indicated a declination to adjudicate the application).  Accordingly, we find the administrative judge correctly determined that the Board lacks jurisdiction over this retirement appeal at this juncture.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.